18-2113-ag
*Singh v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand twenty.

PRESENT: JOSÉ A. CABRANES,
  BARRINGTON D. PARKER,
  REENA RAGGI,
    *Circuit Judges.*

------------------------------------------------------------------------
PRITPAL SINGH,

  *Petitioner*,

  v.    No. 18-2113-ag

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

  *Respondent.*
------------------------------------------------------------------------

FOR PETITIONER:   Pardeep S. Grewal, Castro Valley, California.

FOR RESPONDENT:   Joseph H. Hunt, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; David Kim, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, District of Columbia.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the petition for review of the decision of the Board of Immigration Appeals

("BIA") is GRANTED, the decision denying relief from removal is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Pritpal Singh, a native and citizen of India, petitions for review of a BIA decision affirming a ruling by Immigration Judge ("IJ") Barbara Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), despite Singh's production of additional evidence in response to the IJ's identification of missing corroboration. *See In re Pritpal Singh*, No. A205 077 622 (B.I.A. June 20, 2018), *aff'g* No. A205 077 622 (Immig. Ct. N.Y. City July 26, 2017). Under the circumstances of this case, we review the decisions of both the BIA and the IJ "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We assume the parties' familiarity with the record and the procedural history of this case, which we discuss only as necessary to grant review and order remand.

1.    Legal Standards

While an alien seeking relief from removal bears the burden of showing his entitlement to such relief, his own testimony may be sufficient to carry that burden without corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Nevertheless, the trier of fact may determine that "the applicant should provide evidence that corroborates otherwise credible testimony." *Id.* In such circumstances, corroborating evidence "must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.* Thus, to reject an alien's application solely on the ground of insufficient corroboration, the fact finder must "(a) identify the particular pieces of missing, relevant documentation, and

2

(b) show that the documentation . . . was reasonably available to the petitioner." *Diallo v. Gonzales*, 445 F.3d 624, 633 (2d Cir. 2006) (internal quotation marks omitted).

"We review the BIA's factual findings under the substantial evidence standard, including those 'underlying the immigration court's determination that an alien has failed to satisfy his burden of proof.'" *Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (quoting *Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003)). We treat the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Nevertheless, we will identify an error of law where important facts "have been totally overlooked and others have been seriously mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

2. "Required Procedures" for IJ's Corroboration Finding

Singh argues that the IJ failed to "apply the required procedures" for rejecting an application on grounds of insufficient corroboration, specifically, the IJ failed on agency remand to identify with particularity any further corroboration that Singh reasonably could have produced. *See* Pet. Br. at 20–21. We identify no such procedural error.

The rationale for requiring the BIA to identify missing and reasonably obtainable evidence when relief from removal is denied for lack of corroboration is the "serious risk that unreasonable demands will inadvertently be made" of an alien "[u]nless the BIA anchors its demands for corroboration to evidence which indicates what the petitioner can reasonably be expected to provide." *Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir. 2003), *overruled on other grounds by Lin v. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). That concern does not obtain here, where the IJ has already identified with the requisite

3

particularity the corroborative evidence Singh should have produced. The subsequent production of responsive evidence, however, does not necessarily compel relief. An IJ appropriately views corroborative evidence—like any evidence—for credibility and relevance to determine how much weight it will bear. That weight determination is conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. §1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's determination of "weight afforded to an alien's documentary evidence").

To explain, the IJ here, in initially denying Singh relief from removal, assumed, without deciding, the credibility of his own account of past political persecution, but, following the procedures set forth in *Diallo v. Gonzales*, 445 F.3d at 633, faulted Singh for failing to provide specifically identified, purportedly available corroborative evidence, *i.e.*, (1) documentation of his claimed affiliation with the "SADA" political party; (2) documentation of his need for medical treatment in January 2011, after an alleged beating by supporters of the Congress party; and (3) letters from family members supporting Singh's claim.

On appeal, the BIA ruled that Singh's motion for a continuance to obtain such evidence should have been granted. *Cf. Wei Sun v. Sessions*, 883 F.3d 23, 29 (2d Cir. 2018) (holding that continuance for petitioner to obtain further evidence is not "automatic"). Thus, on remand, after Singh was afforded the requested time, he submitted, *inter alia*, (1) a letter from Harvinder Singh, the Office Secretary of a SADA regional office, confirming Singh's "support and work[] for our party since year 2009"; (2) an affidavit from Rajinder

4

Singh, the operator of a health clinic who recalled treating Singh for injuries to his mouth "in the beginning of the year 2011"; and (3) declarations from Singh's father.

In again denying Singh relief from removal, the IJ stated that, although Singh had provided "generally credible testimony," he failed to carry his burden of proof as to corroboration. Admin. R. at 47–49, 60. In explaining this conclusion, the IJ failed to discuss the Harvinder Singh letter—an omission that warrants remand for reasons explained in the next section of this order. We here note that the IJ did discuss the rest of Singh's corroborative evidence in detail, explaining why each item bore little weight. Her reasons find support in precedent. For example, the IJ accorded Singh's father's declarations little weight because, *inter alia,* the father was an interested party and unavailable for cross-examination. *See Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (upholding IJ decision to accord wife's letter little weight because she was an interested party and unavailable for cross-examination). The IJ accorded little weight to Rajinder Singh's affidavit because, *inter alia,* it was written years after the incident it purported to describe, specifically for submission in Singh's asylum proceedings, and was unsupported by any contemporaneous medical records. *See Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 (BIA 2010) (affording "minimal weight" to documents "obtained for the purpose of the hearing"); *Singh v. Barr*, 809 F. App'x 19, 22 (2d Cir. 2020) (summary order) (holding that where submitted doctor's letter was "unauthenticated, vague, and not contemporaneous" with treatment, IJ properly deemed it insufficiently corroborative of claim).

5

However much Singh may disagree with the IJ's weight determinations, he cannot persuasively argue that the IJ was therefore obliged to particularize *further* evidence that he should have produced before denying him relief. *See generally Wei Sun v. Sessions*, 883 F.3d at 29 (holding that IJ need not "identify the specific evidence necessary to meet the applicant's burden of proof"). Thus, Singh's procedural challenge fails on the merits.

3.      The Harvinder Singh Letter

As noted, the IJ's initial decision emphasized Singh's failure to provide documentary corroboration for his claimed affiliation with the SADA party. To address this concern, on remand, Singh submitted a letter from a SADA party Office Secretary, which stated that Singh had been "a supporter and worker" for the SADA party since 2009, "actively participat[ing] in . . . party meetings, rallies, demonstrations" and assisting in, *inter alia*, distributing food and water, setting up posters, and "spread[ing] the policies of the party to the people." Admin. R. 171. As a result, Singh "became the target of the Congress party and administration" and "was beaten and threatened." *Id.*

The IJ makes no mention of this letter in concluding that Singh adduced insufficient corroborative evidence to warrant relief from removal.[1] Our precedent does not require that the IJ and BIA, in denying relief from removal, "expressly parse or refute on the record each piece of evidence offered by the petitioner." *Scarlett v. Barr*, 957 F.3d 316, 329 (2d

---

[1] The Government contends that this court cannot consider this omission given Singh's failure to raise it before the BIA. Although our review authority is limited by statute to matters for which "the alien has exhausted all administrative remedies available to the alien as of right," 8 U.S.C. § 1252(d)(1), we may consider "subsidiary legal arguments, or arguments by extension, that were not made below," *Gill v. I.N.S.*, 420 F.3d 82, 86 (2d Cir. 2005); *see also Balachova v. Mukasey*, 547 F.3d 374, 381 n.3 (2d Cir. 2008) (entertaining credibility challenge not raised to BIA because "individual who raises a general argument may be able to raise specific subsidiary legal arguments or arguments by extension"). Petitioner's contention that the IJ erred in failing to consider the Harvinder Singh letter is "subsidiary" to his general argument that the IJ erred in concluding he provided insufficient corroboration.

Cir. 2020) (internal quotation marks and ellipses omitted). Rather, we require only the "minimum level of analysis [necessary] to allow for meaningful judicial review." *Id.* (internal quotation marks omitted).

Here, the IJ's (and BIA's) failure to make any mention of the Harvinder Singh letter raises concern for meaningful judicial review precisely because it is a striking anomaly in an agency decision that carefully identifies and discusses every other piece of corroborative evidence. In these circumstances, a concern arises as to whether the letter was inadvertently overlooked. That concern is only reinforced by the IJ's statement, in her remand decision, faulting Singh for failing to supply documentation mentioning the activities he "claimed to carry out on behalf of the party, such as distributing fliers or recruiting new members." Admin R. at 48. The Harvinder Singh letter describes precisely these activities. Indeed, it appears to be the strongest record evidence corroborating Singh's participation in the SADA party.

Because we cannot confidently conclude either that the IJ and BIA considered the Harvinder Singh letter in denying Petitioner Singh relief from removal, or that they would reach the same conclusion if they did consider the letter, we cannot conduct meaningful judicial review on the present record. Rather, we are obliged to remand to the agency for its further review. *See Scarlett v. Barr*, 957 F.3d at 330 (remanding where pertinent facts were not mentioned in any of the various agency decisions denying relief from removal).

4.    Conclusion

For the reasons stated the petition for review is GRANTED.   The agency's denial of relief from removal is VACATED, and the case is REMANDED for further consideration consistent with this order.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE,
Clerk of Court